

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable J. N. Baldwin
County Attorney
Johnson County
Cleburne, Texas

Dear Mr. Baldwin:

Opinion No. O-6253

Re: Whether or not an individual who receives a pension from the United States Postal Department as a retired railway mail clerk may during such time receive payment from the State Treasury for salary as State Representative.

We beg to acknowledge receipt of your inquiry as follows:

"At the Second Democratic Primary Election held in this county, there was nominated a man for the Office of State Representative, whom I understand, is a retired Railway Mail Clerk, and as such receives a pension from the United States Postal Department.

"Section 33, of Article 16, of our State Constitution (as adopted at the election held Nov. 8, 1932) provides: 'The Accounting Officers of this State shall neither draw nor pay a warrant upon the Treasury in favor of any person, for a salary or compensation as agent, officer or appointee, who holds at the same time any other office or position of honor, trust or profit under this State or the United States, except. . .'

"Would the fact that this individual receives a pension from the United States Postal Department,

render him the holder of an office or position of honor, trust or profit under the United States, to the extent that he would be prevented from receiving compensation from the State Accounting Officer, when he qualifies as State Representative?"

Section 33, of Article 16, of our State Constitution is the pertinent law upon the subject, and this contains nothing that would forbid the payment of compensation or salary to a member of the Legislature who at the same time occupied the status of a retired railway mail clerk, who receives a pension from the United States Postal Department.

We understand that a retired railway mail clerk holds no office, position or employment whatsoever in the mail service, or under the United States as to that, his connection with the Government being actually severed and his service ended by his retirement. There is perhaps the possibility that in case of emergency, under the Civil Service such retired clerk might be reinstated, but such reinstatement would itself be the beginning of a service or position under the United States like the service or position previously terminated by the retirement. During the retirement, however, there is no office, position, service or employment whatsoever on the part of the retired clerk, and the accounting officers of the State would be free to draw and pay a warrant upon the treasury in his favor for salary or compensation as an officer or employee of the State.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By L. H. Flewellen

By Ocie Speer
ASSISTANTS

08-MR



APPROVED
OPINION
COMMITTEE

BY
CHAIRMAN